IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYNER SURGICAL INC. and RAYNER INTRAOCULAR LENSES LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>SOMERSET THERAPEUTICS, LLC,<br><br>Defendant. | C.A. No. 3:24-cv-09017-GC-JBD |

<u>**ORDER GRANTING MOTION TO REDACT AND SEAL TRANSCRIPT**</u>

**THIS MATTER** having been brought before the Court upon the Motion of Defendant Somerset Therapeutics, LLC ("Somerset"), pursuant to Local Civil Rule 5.3(c), to permanently seal portions of the Transcript of the June 5, 2025 Telephonic Pre-Motion Conference before the Honorable Georgette Castner, U.S.D.J. ("Transcript") (ECF No. 87), which is currently under temporary seal; and the Court having considered the papers submitted in support of that Motion; and the Court noting that pursuant to Local Civil Rule 5.3(c) the Court may restrict public access to any materials or judicial proceedings upon request by any party; and for the reasons set forth in the record of the proceedings, and for other and good cause having been shown;

The Court adopts the following Findings of Fact and Conclusions of Law:

**I.** <u>**The Nature of the Materials or Proceedings at Issue**</u>

    **A.** **Findings of Fact**

        1. Somerset seeks to permanently seal the Transcript.

        2. Local Civil Rule 5.3(c) requires the moving party to show the following:

            a. The nature of the materials or proceedings at issue;

    b. The legitimate private or public interests which warrant the relief sought;

    c. The clearly defined and serious injury that would result if the relief sought is not granted; and

    d. Why a less restrictive alternative to the relief sought is not available.

  3. The Transcript contains and/or references information which Somerset has designated as "Technical Confidential Information" pursuant to the Discovery Confidentiality Order (ECF No. 57). The Transcript contains sensitive commercial information regarding the manufacture of Somerset's Abbreviated New Drug Application ("ANDA") product that, if not sealed, could diminish Somerset's business and competitive advantages in the pharmaceutical marketplace. Release of the sealed portions of the Transcript would pose a financial and competitive risk because it would reveal information regarding the formulation, scientific and technical testing, and processes for manufacture of Somerset's ANDA product. *See* Declaration of Michael J. Baldwin ("Baldwin Decl.") ¶ 7.

 **B.** **Conclusions of Law**

  4. There exists in civil cases a common law public right of access to judicial proceedings and records. *See Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (citation omitted).

  5. This Court has the power to seal where confidential information may be disclosed to the public. Federal Rule of Civil Procedure 26(c)(1)(G) allows the Court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information," upon motion by a party, to prevent harm to a litigant's competitive standing in the

marketplace. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889–91 (E.D. Pa. 1981).

## II. The Legitimate Private or Public Interest That Warrants the Relief Sought

### A. Findings of Fact

6. The Transcript contains and/or reflects information that Somerset has designated as "Technical Confidential Information" pursuant to the Discovery Confidentiality Order (ECF No. 57). *See* Baldwin Decl. ¶ 6. The Transcript also discusses, includes, or comprises sensitive, highly confidential information relating to the manufacture of Somerset's ANDA product.

7. Somerset has an interest in not publicly disclosing this information (*i.e.*, portions of ANDA No. 219384). Somerset relies upon such information to gain a competitive advantage in the pharmaceutical industry. *See* Baldwin Decl. ¶ 7.

### B. Conclusions of Law

8. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *See Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citation omitted).

9. Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. *See id.* This Court has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is

a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.*

### III. Clearly Defined and Serious Injury Would Result if the Relief Sought Is Not Granted

#### A. Findings of Fact

10. The public disclosure of the Transcript would pose a substantial risk of harm to Somerset's legitimate proprietary and commercial interests, as well as its competitive position in the pharmaceutical industry. *See* Baldwin Decl. ¶ 7.

#### B. Conclusions of Law

11. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

12. Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).

### IV. No Less Restrictive Alternative is Available

#### A. Findings of Fact

13. This request to seal the Transcript is tailored to the information that Somerset has designated as "Technical Confidential Information" pursuant to the Discovery Confidentiality Order (ECF No. 57). *See* Baldwin. ¶ 6.

4

14. The disclosure of Somerset's confidential, commercial, and proprietary information would pose a financial and competitive risk to Somerset. The Transcript includes confidential information relating to the manufacture of Somerset's ANDA product related to this action. The only way to protect such confidential, commercial, and proprietary interests is to seal the Transcript. *See* Baldwin Decl. ¶ 7.

15. No less restrictive alternative is available. A redacted version of the Transcript is being submitted to the Court under separate cover in accordance with L. Civ. R. 5.3(g). The redacted Transcript redacts only the confidential information that could be used to competitively harm Somerset, while otherwise releasing the remainder of the Transcript to the public.

    **B.**    **Conclusions of Law**

15. The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See, e.g., In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004).

16. Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that no less restrictive alternative to the relief sought is available. *See Securimetrics, Inc. v. Indian Techs., Inc.*, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

**THEREFORE,** for the foregoing reasons, **IT IS** on this **25th** day of **September**, 2025, hereby

**ORDERED** that the Motion to Redact and Seal the Transcript shall be **GRANTED**; and it is further

**ORDERED** that the Transcript shall be permanently sealed and maintained **UNDER SEAL** by the Clerk of the Court; and it is further

**ORDERED** that, pursuant to L. Civ. R. 5.3(g)(2), Somerset shall submit to the court reporter the redacted version of the Transcript within seven (7) days of the date of receipt of the within Order; and it is further

**ORDERED** that, pursuant to L. Civ. R. 5.3(g)(2), the court reporter shall submit the redacted version of the Transcript to the Clerk of the Court for purposes of electronic filing on the docket.

_____
HONORABLE J. BRENDAN DAY
United States Magistrate Judge