UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAYNER SURGICAL INC. and RAYNER
INTRAOCULAR LENSES LTD.,

Plaintiffs,

v.

SOMERSET THERAPEUTICS, LLC,

Defendant.

Civ. No. 24-9017-GC-JBD

## ORDER GRANTING MOTION TO SEAL

**THIS MATTER** having been brought before the Court upon defendant

Somerset Therapeutics, LLC's ("Somerset") two motions to seal pursuant to Local

Civil Rule 5.3(c).  [Dkts. 164, 185.]  Both motions are unopposed.  The first motion

to seal seeks to permanently seal portions of the transcript of the November 17,

2025 discovery conference before the Honorable J. Brendan Day, U.S.M.J.,

*see* [Dkt. 154], and the transcript of the November 20, 2025 *Markman* hearing

before the Honorable Georgette Castner, U.S.D.J., *see* [Dkts. 161, 163].  The second

motion to seal seeks to permanently seal information set forth in the following

materials: (1) defendant's supplemental brief in support of its Rule 12(c) Motion,

[Dkt. 175]; (2) Exhibit 4 to the Declaration of Michael J. Baldwin in support of

defendant's supplemental brief in support of its Rule 12(c) Motion, [Dkt. 175-1]; (3)

plaintiff's supplemental opposition brief to defendant's motion for judgment on the

pleadings, [Dkt. 178]; and (4) defendant's supplemental reply brief in support of its

Rule 12(c) Motion, [Dkt. 179].  All materials are currently under temporary seal and

1

collectively referenced as the "Confidential Materials."  The Court, having

considered the papers submitted in support of the motions; and the Court noting

that pursuant to Local Civil Rule 5.3(c) the Court may restrict public access to any

materials or judicial proceedings upon request by any party; and for other good

cause having been shown;

The Court adopts the following Findings of Fact and Conclusions of Law:

## I.    The Nature of the Materials or Proceedings at Issue

### A.    Findings of Fact

1.    Somerset seeks to permanently seal the Confidential Materials.

2.    Local Civil Rule 5.3(c) requires the moving party to show the following:

   a.  The nature of the materials or proceedings at issue;

   b.  The legitimate private or public interests which warrant the relief sought;

   c.  The clearly defined and serious injury that would result if the relief sought is not granted; and

   d.  Why a less restrictive alternative to the relief sought is not available.

3.    The Confidential Materials contain and/or reference information

which Somerset has designated as "Technical Confidential Information" pursuant to

the Discovery Confidentiality Order, [Dkt. 57].  The Confidential Materials contain

sensitive commercial information regarding the manufacture of and FDA

communications regarding Somerset's Abbreviated New Drug Application ("ANDA")

product that, if not sealed, could diminish Somerset's business and competitive

advantages in the pharmaceutical marketplace.  The release of sealed portions of the Confidential Materials would pose a financial and competitive risk because it would reveal information regarding the formulation, scientific and technical testing, and processes for manufacture of Somerset's ANDA product.  [Dkt. 164-1] ¶ 7; [Dkt. 186-1] ¶ 7.

     **B.**      **Conclusions of Law**

    4.      There exists in civil cases "a common law public right of access to judicial proceedings and records." *See In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)).  "The party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

    5.      This Court has the power to seal where confidential information may be disclosed to the public.  Federal Rule of Civil Procedure 26(c)(1)(G) allows the Court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information," upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981) (quoting Fed. R. Civ. P. 26(c)(1)(G)).

**II.    The Legitimate Private or Public Interest That Warrants the Relief Sought**

    **A.    Findings of Fact**

    6.    The Confidential Materials contain and/or reflect information that Somerset has designated as "Technical Confidential Information" pursuant to the Discovery Confidentiality Order, [Dkt. 57].  [Dkt. 164-1] ¶ 6; [Dkt. 186-1] ¶ 6. The Confidential Materials also discuss, include, or comprise sensitive, highly confidential information relating to the manufacture of Somerset's ANDA product. [Dkt. 164-1] ¶ 7; [Dkt. 186-1] ¶ 7.

    7.    Somerset has an interest in not publicly disclosing this information (*i.e.*, portions of ANDA No. 219384).  Somerset relies upon such information to gain a competitive advantage in the pharmaceutical industry. [Dkt. 164-1] ¶ 7; [Dkt. 186-1] ¶ 7.

    **B.    Conclusions of Law**

    8.    Courts have recognized that the presumption of public access is not absolute and may be rebutted.  *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 598 (1978).

    9.    Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing.  *Littlejohn*, 851 F.2d at 678 (citing *Nixon*, 435 U.S. at 598).  This Court

has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (quoting *Publicker Indus.*, 733 F.2d at 1071). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

### III.    Clearly Defined and Serious Injury Would Result if the Relief Sought Is Not Granted

#### A.    Findings of Fact

10.    The public disclosure of the Confidential Materials would pose a substantial risk of harm to Somerset's legitimate proprietary and commercial interests, as well as its competitive position in the pharmaceutical industry. [Dkt. 164-1] ¶ 8; [Dkt. 186-1] ¶ 8.

#### B.    Conclusions of Law

11.    The District Court has discretion to balance the factors for and against access to court documents. *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (citing *Nixon*, 435 U.S. at 598).

12.    Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is

clearly defined as a serious injury. *Publicker Indus.*, 733 F.2d at 1071 (citation omitted).

## IV.    No Less Restrictive Alternative is Available

### A.    Findings of Fact

13.    The request to seal the Confidential Materials is narrowly tailored to the proprietary, confidential, and sensitive material, and information that Somerset has designated as "Technical Confidential Information" pursuant to the Discovery Confidentiality Order, [Dkt. 57]. [Dkt. 164-1] ¶¶ 6, 9; [Dkt. 186-1] ¶¶ 6, 9.

14.    The disclosure of Somerset's confidential, commercial, and proprietary information would pose a financial and competitive risk to Somerset. The Confidential Materials include confidential information relating to the manufacture of Somerset's ANDA product related to this Action. [Dkt. 164-1] ¶ 8; [Dkt. 186-1] ¶ 8.

15.    No less restrictive alternative to sealing is available. The Court has reviewed Somerset's proposed redacted versions of the Confidential Materials filed at [Dkts. 154, 161, 163, 175, 175-1, 178, 179] and concludes that they are appropriately narrowly tailored, as Somerset proposes redacting only the confidential information that could be used to competitively harm Somerset, while otherwise releasing the remainder of the Confidential Materials to the public.

### B.  Conclusions of Law

16.  The sealing of confidential documents and information is an accepted practice in the District of New Jersey.  *See, e.g.*, *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004).

17.  Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that no less restrictive alternative to the relief sought is available.  *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006) (citing L. Civ. R. 5.3(c)(2)).

## V.  Conclusion

For the foregoing reasons and for good cause shown,

**IT IS** on this **24th** day of **April, 2026**,

**ORDERED** that Somerset's motions to seal, [Dkts. 164, 186], are **GRANTED**; and it is further

**ORDERED** that the Clerk shall permanently **SEAL** the documents and transcripts filed at [Dkts. 154, 161, 163, 175, 175-1, 178, and 179]; and it is further

**ORDERED** that, pursuant to Local Civil Rule 5.3(g)(2), Somerset shall submit to the court reporter the redacted version of the transcripts, [Dkts. 154, 161, 163], within seven (7) days of the date of receipt of this Order; and it is further

**ORDERED** that, pursuant to Local Civil Rule 5.3(g)(2), the court reporter shall submit the redacted version of the transcripts to the Clerk of the Court for purposes of electronic filing on the docket; and it is further

**ORDERED** that on or before May 8, 2026, Somerset shall, to the extent it has not already done so, file on the public docket redacted versions of the sealed documents associated with the foregoing motions, consistent with this Order and the parties' proposed redactions.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

8